UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY WEINSTEIN, Individually and as
Representative of the Estate of JUDITH
WEINSTEIN, as Representative of the Estate
of ALEXANDER WEINSTEIN, and as
Representative of the Estate of SAMUEL
WEINSTEIN,

    Plaintiffs,      Case No. 2:07-cv-15000 PDB-RSW

vs.

UGS CORP.,

    Defendant.
_____/

| | |
|---|---|
| BARRY F. LAKRITZ (P16358) | HERSCHEL P. FINK (P13427) |
| DANA LAKRITZ MARCUS (P59584) | BRIAN D. WASSOM (P60381) |
| Barry F. LaKritz Assoc. | Honigman Miller Schwartz & Cohn LLP |
| Attorneys for Plaintiff | Attorneys for Defendant UGS Corp. |
| 39400 Woodward Avenue, Suite 200 | 2290 First National Building |
| Bloomfield Hills, MI 48304-5153 | Detroit, MI 48226 |
| 248-723-4746 | Phone: (313) 465-7400 |
| Email: blakritz@lakritzlaw.com | E-mail: hfink@honigman.com |
|     dlakritz@lakritzlaw.com |     bwassom@honigman.com |
| | |
| FRANCISCO GUERRA, IV | JAMES P. FEENEY (P13335) |
| Watts Guerra Craft LLP | BRITTANY M. SCHULTZ (P63272) |
| Attorneys for Plaintiff | Dykema Gossett PLLC |
| 300 Convent , Suite 100 | Attorneys for Defendant UGS Corp. |
| San Antonio, TX 78205 | 39577 Woodward Avenue, Suite 300 |
| 210-527-0500 | Bloomfield Hills, MI 48304 |
| Email: fguerra@wgclawfirm.com | Phone: (248) 203-0700 |
| | E-mail: jfeeney@dykema.com |
| |     bschultz@dykema.com |

_____/

**UGS CORP.'S RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO
EXCLUDE EVIDENCE OF GARY WEINSTEIN'S ROMANTIC RELATIONSHIPS
<u>WITH WOMEN AFTER THE DEATH OF HIS WIFE</u>**

Defendant UGS Corp. ("UGS"), by its attorneys, Dykema Gossett, PLLC, pursuant to Fed. R. Evid. 401 and 402 and *Papizzo v. O. Robertson Transport, LTD.,* 401 F. Supp. 540 (E.D. Michigan 1975), requests that the Court find evidence regarding Plaintiff's romantic relationships with women after the death of his wife is relevant and admissible in this case.

WHEREFORE, UGS requests that this Court enter an Order denying Plaintiff's Motion *in limine* No. 2 to exclude evidence of his romantic relationships with women after the death of his wife.

Date: October 14, 2010

DYKEMA GOSSETT PLLC

By: /s/ Brittany M. Schultz
Brittany M. Schultz (P63272)
Attorneys for Defendant UGS Corp.
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
Phone: (248) 203-0802
Fax: (248) 203-0763
E-mail: bschultz@dykema.com

2

## **QUESTIONS PRESENTED**

Whether the Court should exclude evidence of Plaintiff's romantic relationships with women after the death of his wife because such evidence is relevant under the Federal Rules of Evidence.

UGS says "No."

Plaintiff says "Yes."

# CONTROLLING AUTHORITY

**Page(s)**

**CASES**

*Papizzo v. O. Robertson Transport, LTD.,*
　　401 F. Supp. 540 (E.D. Michigan 1975)..............................................................................3, 4

**RULES**

Fed. R. Civ. P. 43................................................................................................................3, 4

Fed. R. Evid. 401 ....................................................................................................................2

Fed. R. Evid. 402 ....................................................................................................................2

**INTRODUCTION**

Plaintiff requests that this Court preclude UGS from making any reference to his relationships with women after the death of his wife. Plaintiff purports to present case law establishing that this Court may not introduce such evidence. However, the case law Plaintiff relies upon is not binding upon this court. In fact, case law from this district specifically holds that the Federal Rules of Evidence permit the introduction of evidence regarding a plaintiff's romantic relationships after the death of a spouse because the evidence is relevant to the injuries claimed. Therefore, in cases such as the present where, among other thing, loss of love, comfort, companionship, society, care, maintenance, and support are at issue, evidence of a Plaintiff's romantic relationships with women after his wife's death is indeed relevant and admissible.

**BACKGROUND**

The present lawsuit is a wrongful death action. In connection with the death of his wife, Plaintiff seeks damages for, among other things, loss of love, comfort, companionship, society, care, maintenance, and support. (Complaint, ¶ 6.1).

Plaintiff filed this motion *in limine* No. 2 to exclude UGS from offering evidence of any romantic relationships Plaintiff has been involved in since the death of his wife. (Plaintiff's Motion *In Limine* No. 2, generally). UGS maintains that this evidence is relevant to the mitigation of Plaintiff's damages and, thus, admissible in this Court. *See* Argument section, *infra*.

**ARGUMENT**

I. **THE BROAD SCOPE OF THE FEDERAL RULES OF EVIDENCE REQUIRE ADMITTING EVIDENCE OF PLAINTIFF'S ROMANTIC RELATIONSHIPS WITH WOMEN AFTER THE DEATH OF HIS WIFE.**

Rule 402 of the Federal Rules of Evidence governs the admissibility of evidence in the federal courts. Rule 402 provides:

> **All relevant evidence is admissible**, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Fed. R. Evid. 402 (emphasis added). The Federal Rules of Evidence define relevant evidence as all "evidence having **any tendency** to make the existence of any fact that is of consequence to the determination of the action **more probable or less** probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added).

Irrespective of the broad scope of the Federal Rules of Evidence with respect to admissibility, Plaintiff maintains that this Court is expressly prohibited from admitting any evidence of Plaintiff's romantic relationships after the death of his wife. In support of his position, Plaintiff cites to *Wood v. Detroit Edison Co.,* 408 Mich. 279, 286-287; 294 N.W.2d 571, 572-573 (1980), where the court ruled that evidence of the Plaintiff's remarriage was inadmissible to mitigate his damages in a wrongful death action. To further buttress his claims, Plaintiff also cites to *Bunda v. Hardwick,* 376 Mich. 640, 656; 138 N.W.2d 571, 572-573 (1980). In *Bunda,* the court found that the *probability* of the plaintiff's remarriage after the death of her husband was irrelevant in determining the damages she suffered upon his death. *Id.*[1]

---

[1] Plaintiff also cites to *Brossette v. Swift Transp. Co.,* No. 07-0888, 2008 WL 4809411, *2-3 (W.D. La. Oct. 29, 2008) which, applying Louisiana law, found that evidence of remarriage was inadmissible.

2

Notably, the cases Plaintiff relies upon are not binding upon this court.  Moreover, these cases are in direct opposition to the law in this district.  In *Papizzo v. O. Robertson Transport, LTD.,* 401 F. Supp. 540 (E.D. Michigan 1975), this very district, considered the question of whether evidence of a plaintiff's remarriage after the death of a spouse was admissible and found it to be indeed be **admissible**.  As in this case, the plaintiff in *Papizzo* cited *Bunda, supra,* as proof that evidence of her remarriage was forbidden under Michigan law.  *Id.*  The court, however, affirmatively ruled that "evidence of Mrs. Papizzo's remarriage **is <u>relevant</u> and <u>admissible</u> which <u>should be used by federal courts</u>**."  *Id.* at 542 (emphasis added).  To support of its ruling, the court first established that "evidentiary questions are characterized as procedural" and a Michigan federal court is not required to apply Michigan procedural rules."  *Id.*  Next, the court reasoned that Rule 43(a) of the Federal Rules of Civil Procedure instructs that

> **All evidence shall be admitted** which is admissible under the statute of the United States, or under the rules of evidence hereto applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held.  In any case, the statute or rule which favors the reception of the evidence governs . . . .

*Id.* (citing Fed. R. Civ. P. 43(a)) (emphasis added).  The court further reasoned that the "Federal Rules of Evidence would admit evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence[;]" thus, "[e]ven though Michigan courts would exclude as irrelevant evidence concerning Mrs. Papizzo's remarriage, if federal law would admit this evidence, the court should allow it in the instant case."  *Id.*  On that basis, the court ruled that plaintiff's remarriage was "relevant to measure the degree of damage that she suffered" and admissible in court."  *Id.*

In sum, the law governing the admissibility of evidence in the federal courts is not the same as the law applied in Michigan state courts. Because the cases Plaintiff rely upon are not only unpersuasive, but are also—applying *Papizzo, supra*—directly contrary to the established law of the Eastern District of Michigan, Plaintiff's Motion *in limine* No. 2 has no merit and should be dismissed.

## CONCLUSION

For the reasons stated above, Defendant UGS respectfully requests that this Court deny Plaintiff's Motion *in limine* No. 2 to exclude evidence of Gary Weinstein's romantic relationships with women after the death of his wife.

Date: October 14, 2010

DYKEMA GOSSETT PLLC

By: /s/ Brittany M. Schultz
Brittany M. Schultz (P63272)
Attorneys for Defendant UGS Corp.
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
Phone: (248) 203-0802
Fax: (248) 203-0763
E-mail: bschultz@dykema.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2010, I served via the electronic filing system the foregoing paper to:

BARRY F. LAKRITZ (P16358)
DANA LAKRITZ MARCUS (P59584)
Barry F. LaKritz PC
Attorneys for Plaintiff
39400 Woodward Avenue, Suite 200
Bloomfield Hills, MI 48304-5153
Email:  blakritz@lakritzlaw.com
        dlakritz@lakritzlaw.com

HERSCHEL P. FINK (P13427)
BRIAN D. WASSOM (P60381)
Honigman Miller Schwartz & Cohn LLP
Attorneys for Defendant UGS Corp.
2290 First National Building
Detroit, MI 48226-3506
Email:  hfink@honigman.com
        bwassom@honigman.com

FRANCISCO GUERRA, IV
Watts Guerra Craft LLP
Attorneys for Plaintiff
300 Convent, Suite 100
San Antonio, TX 78205-3705
Email:  fguerra@wgclawfirm.com

By: /s/ Brittany M. Schultz
    James P. Feeney  (P13335)
    Brittany M. Schultz (P63272)
    Attorneys for Defendant UGS Corp.
    39577 Woodward Avenue, Suite 300
    Bloomfield Hills, MI 48304
    Phone:  (248) 203-0802
    Fax:  (248) 203-0763
    E-mail:  bschultz@dykema.com