UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY WEINSTEIN, Individually and as Representative
of the Estate of JUDITH WEINSTEIN, as Representative
of the Estate of ALEXANDER WEINSTEIN, and as
Representative of the Estate of SAMUEL WEINSTEIN,

        Plaintiff,

vs.                                             Case No. 2:07-CV-15000
                                             Paul D. Borman
                                             United States District Judge

SIEMENS, fka. UGS CORP.,
                Defendant.
_____/

OPINION AND ORDER GRANTING SIEMENS' MOTION *IN LIMINE* NO. 17 (DKT. NO. 77) TO EXCLUDE TESTIMONY, ARGUMENT OR OTHER EVIDENCE REGARDING AN ANONYMOUS TELEPHONE CALL MADE ON MAY 5, 2005

        This matter is before the Court on Defendant Siemens, fka UGS Corp.'s ("Siemens") Motion *in Limine* No. 17 To Exclude Testimony, Argument or Other Evidence Regarding an Anonymous Telephone Call Made on May 5, 2005. (Dkt. No. 77.) Plaintiff has filed a response (Dkt. No. 107) and Siemens has filed a reply (Dkt. No. 127.) For the reasons that follow, the Court GRANTS Siemens' motion *in limine* No. 17.

**I.    BACKGROUND**

        The relevant facts underlying this case were set forth by this Court in its November 23, 2009 Opinion and Order Denying Defendant Siemens Corporation's Motion for Summary Judgment. *Weinstein v. Siemens*, 673 F. Supp. 2d 533 (E.D. Mich. 2009). This action arises from a tragic

accident that occurred in the early afternoon of May 3, 2005. Thomas Wellinger, then an employee of UGS, a subsidiary of Siemens, left Siemens' offices and was scheduled to attend a doctor's appointment to address his problems with alcohol abuse when he drove his Chevrolet Denali SUV at a high rate of speed and struck the vehicle driven by Plaintiff's wife, Judith Weinstein and occupied also by the Weinstein's two young sons, Alexander and Samuel. All three Weinstein family members were killed. Mr. Wellinger, who was at fault, was injured and survived. Mr. Wellinger was intoxicated at the time of the accident, with a blood alcohol level of nearly four times the legal limit. Subsequently, Mr. Wellinger pled no contest to second degree murder in Oakland County Circuit Court, and is currently incarcerated, serving a 19 to 30 year sentence.

Plaintiff's Complaint against Mr. Wellinger's employer, Siemens, was filed in the United States District Court, Eastern District of Texas, on May 1, 2007. On Siemens' motion for change of venue, the case was transferred to this District and assigned to United States District Judge Nancy G. Edmunds on November 26, 2007. On November 29, 2007, Siemens moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12. The motion was granted in part and denied in part by Judge Edmunds. (Dkt. No. 13.) *Weinstein v. UGS Corp.*, 2008 WL 1766657, No. 07-15000 (April 17, 2008) (dismissing Plaintiff's negligent retention and vice principal claims, but denying the motion to dismiss as to Plaintiff's vicarious liability and negligent supervision claims). Thereafter, due to a change in defense counsel, Judge Edmunds recused herself from the case, and the case was reassigned by the Court's blind draw system to the undersigned.

On November 23, 2009, this Court denied Siemens' motion for summary judgment, permitting Plaintiff to proceed with this case to a jury on the following two issues: (1) whether Siemens is vicariously liable for the deaths of Plaintiff's family members because "Siemens required

2

Mr. Wellinger as a condition of his employment to attend his doctor's appointment on the day of the accident, and [] Siemens stood to derive a specific benefit from Mr. Wellinger's attendance at the appointment that afternoon," and (2) whether Siemens is directly liable for the deaths of Plaintiff's family members because it "knew or should have known, before it mandated, as a condition of his further employment in his position, that Mr. Wellinger meet with his doctor that day, that Mr. Wellinger was intoxicated and 'could not be entrusted with the responsibility' it imposed upon him to go to that appointment and to report back to Mr. Arlin what the doctor recommended." (*Weinstein,* 673 F. Supp. 2d at 545, 553.)

## II.   LEGAL STANDARD

"The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures-including motions in limine-in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir.1999). District courts have broad discretion over matters involving the admissibility of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir.1991).

## III.   ANALYSIS

Plaintiff seeks to admit an entry in the Farmington Hills Police Report, along with related testimony and argument, that recites that an anonymous female placed a call to the Farmington Hills Police Department on May 5, 2005, two days after the accident, claiming that Tom Wellinger met with his boss the day of the accident, left for lunch, returned intoxicated, and left work at 2:00 to 3:00 pm. She further alleged that Wellinger's drinking problem had been going on for four or five months and had gotten more severe in the past two to three months. (Def.'s MIL No. 17, Dkt. No.

3

77, Ex. B). Farmington Hills Police Sergeant James Knittel received the call and testified at his deposition that it was his "gut feeling" that this caller had observed this specific information and that the caller was "somebody that worked in a close proximity to [Wellinger's] office, knew his – who the boss was." (Deposition of James Knittel, May 5, 2009, Dkt. No. 77, Ex. C, 74, 75.) Specifically, Sergeant Knittel testified as follows: "I do not know specifically that that phone call came from that business or specifically if it was somebody in the business. That was my impression of the – from the information." (*Id*. at 76.)

Siemens argues that this evidence is not relevant, is unfairly prejudicial, and seeks to exclude this evidence as inadmissible hearsay. Plaintiff argues that the fact of this phone call, and Sergeant Knittel's testimony regarding the phone call, are relevant and are admissible either as a party admission under Fed. R. Evid. 801(d)(2) and/or as a present sense impression of the caller under Fed. R. Evid. 803(1). Plaintiff also argues that the evidence is admissible to support the credibility of Plaintiff's experts who will opine that Mr. Wellinger was intoxicated the day of the accident, that Mr. Wellinger must have consumed alcohol before he left Siemens' offices that day and that Siemens employees must have observed signs of Mr. Wellinger's intoxication.

The Court agrees with Siemens that testimony, argument or other evidence of the anonymous phone call should be excluded at trial. First, the evidence is not admissible as a present sense impression. Fed. R. Evid. 803(1) provides that a present sense impression is "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition or immediately thereafter." Contemporaneity is the touchstone of the present sense impression exception and its absence in the case of this anonymous phone call is fatal to Plaintiff's argument:

4

> [A]lthough the time within which an excited utterance may be made is measured by the duration of the stress caused by the exciting event, the present sense impression statement may be made only while the declarant was actually "perceiving" the event or "immediately thereafter." This shortened period is also consistent with the weaker guarantee of trustworthiness of the present sense impression. While principle might seem to call for a limitation to exact contemporaneity, some allowance must be made for the time needed for translating observation into speech. Thus, the appropriate inquiry is whether sufficient time elapsed to have permitted reflective thought.

McCormick § 271. The anonymous phone call cannot be construed as a present sense impression of the caller when the call was received two days after the accident and thus could not possibly have been a statement describing an event while the caller was perceiving the event, or immediately thereafter. Moreover, the fact that the caller has never been identified, and could therefore never be called at trial to be subject to cross-examination as to the reliability of her statement, coupled with the fact that the testifying witness, Sergeant Knittel, was not also a percipient witness, further diminishes the applicability of the present sense impression exception. "[T]he statement will usually have been made to a third person (the witness who subsequently testifies to it), who was also present at the time and scene of the observation. Thus, in most cases, the witness will have observed the situation and thus can provide a check on the accuracy of the declarant's statement and furnish corroboration. Moreover, since the declarant will often be available for cross-examination, his or her credibility will be subject to substantial verification before the trier of fact." McCormick § 271. Neither of these additional assurances of reliability exists with respect to the anonymous call and it is not admissible as a present sense impression.

Second, the statement cannot be excluded from the hearsay rule under Fed. R. Evid. 801(d)(2)(C) or (D) as an admission of a party opponent. "A statement is not hearsay if – . . . The statement is offered against a party and is . . . (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant

concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Fed. R. Evid. 801(d)(2)(C), (D). Because this anonymous caller has never been identified, the Court cannot possibly determine that the witness was either authorized by Siemens to speak on its behalf or an agent of Siemens who was employed at the time of the call. The Court simply cannot rely on Sergeant Knittel's "gut feeling," although a good faith belief on his part, that the caller was an employee of Siemens who was present at Siemens that day and observed the matters about which she spoke. The caller could have been an ex-employee who had spoken with a present employee, an ex-employee with a grudge against Siemens or any one of a number of potential individuals whose statement would not constitute an admission on the part of Siemens. "The party arguing for admission bears the burden of establishing the proper foundation for the admissibility of the statements." *Liadis v. Sears Roebuck and Co.*, 47 F. App'x 295, 303 (6th Cir. 2002) (citing *Mitroff v. Xomox Corp.*, 797 F.2d 271, 275 (6th Cir. 1986)). Because the Court cannot determine with any degree of certainty any of the foundational requirements necessary to establish admissibility under Fed. R. Evid. 801(d)(2), the Court will not admit the statement, or any testimony or evidence relating to the statement, as an admission of a party opponent. *Id.* (refusing to admit statements of unidentified employees of Sears where the court could not determine "the position of the anonymous Sears employees referred to in the affidavit [and the plaintiff] did not say who these employees are, or why we should consider them agents authorized to speak for Sears in this litigation.").

Finally, Plaintiff argues that evidence of the anonymous call should be admitted into evidence because it demonstrate's the reliability of Plaintiff's experts' opinions and is therefore admissible under Fed. R. Evid. 703, which provides that "facts or data that are otherwise

6

inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." The Court finds that, balancing all of the relevant factors under Fed. R. Evid. 403, evidence of the anonymous call is more prejudicial than probative and for that reason is not admissible under Fed. R. Evid. 703. Although the statement of the anonymous caller is highly probative of Plaintiff's claim that Mr. Wellinger was intoxicated at the Siemens' offices that day and that Siemens was aware of this fact, and that Siemens had been aware of Mr. Wellinger's drinking for some months, the unreliability of the statement, coupled with the unavailability of the witness for cross-examination, create an intolerable potential for prejudice and misleading the jury, permitting the jury to draw inferences from the statement of an unidentified witness which fits no hearsay exclusion or exception and which corroborates a significant fact of consequence to the determination of the action.[1]

## IV. CONCLUSION

Accordingly, the Court GRANTS Siemens' MIL No. 17 (Dkt. No. 77) and will exclude Plaintiff's Proposed Trial Exhibit 135. The Court will also exclude any testimony, argument or other evidence regarding an anonymous call made on May 5, 2005.

IT IS SO ORDERED.

                                                    S/Paul D. Borman
                                                    PAUL D. BORMAN
                                                    UNITED STATES DISTRICT JUDGE

Dated: November 17, 2010

---

[1] In so holding, the Court expresses no opinion on the viability of Plaintiff's arguments for admissibility should the identity of the anonymous caller become known.

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 17, 2010.

               S/Denise Goodine
               Case Manager