UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY WEINSTEIN, Individually and as Representative
of the Estate of JUDITH WEINSTEIN, as Representative
of the Estate of ALEXANDER WEINSTEIN, and as
Representative of the Estate of SAMUEL WEINSTEIN,

        Plaintiff,

vs.                                  Case No. 2:07-CV-15000
                                  PAUL D. BORMAN
                                  UNITED STATES DISTRICT JUDGE

SIEMENS, fka UGS CORP.,
        Defendant.
_____/

OPINION AND ORDER DENYING SIEMENS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE
TOM WELLINGER'S DRINKING HISTORY (DKT. NO. 61)

This matter is before the Court on Defendant Siemens, fka UGS Corp.'s ("Siemens") Motion *in Limine* No. 1 To Exclude Tom Wellinger's Drinking History. (Dkt. No. 61.) Plaintiff has filed a response (Dkt. No. 109) and Siemens has filed a reply (Dkt. No. 124.) For the reasons that follow, the Court DENIES Siemens' motion *in limine* No. 1.

**I.    BACKGROUND**

The relevant facts underlying this case were set forth by this Court in its November 23, 2009 Opinion and Order Denying Defendant Siemens Corporation's Motion for Summary Judgment. *Weinstein v. Siemens*, 673 F. Supp. 2d 533 (E.D. Mich. 2009). This action arises from a tragic accident that occurred in the early afternoon of May 3, 2005. Thomas Wellinger, then an employee of UGS, a subsidiary of Siemens, left Siemens' offices and was scheduled to attend a doctor's

1

appointment to address his problems with alcohol abuse when he drove his Chevrolet Denali SUV at a high rate of speed and struck the vehicle driven by Plaintiff's wife, Judith Weinstein and occupied also by the Weinstein's two young sons, Alexander and Samuel. All three Weinstein family members were killed. Mr. Wellinger, who was at fault, was injured and survived. Mr. Wellinger was intoxicated at the time of the accident, with a blood alcohol level of nearly four times the legal limit. Subsequently, Mr. Wellinger pled no contest to second degree murder in Oakland County Circuit Court, and is currently incarcerated, serving a 19 to 30 year sentence.

Plaintiff's Complaint against Mr. Wellinger's employer, Siemens, was filed in the United States District Court, Eastern District of Texas, on May 1, 2007. On Siemens' motion for change of venue, the case was transferred to this District and assigned to United States District Judge Nancy G. Edmunds on November 26, 2007. On November 29, 2007, Siemens moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12. The motion was granted in part and denied in part by Judge Edmunds. (Dkt. No. 13.) *Weinstein v. UGS Corp.*, 2008 WL 1766657, No. 07-15000 (April 17, 2008) (dismissing Plaintiff's negligent retention and vice principal claims, but denying the motion to dismiss as to Plaintiff's vicarious liability and negligent supervision claims). Thereafter, due to a change in defense counsel, Judge Edmunds recused herself from the case, and the case was reassigned by the Court's blind draw system to the undersigned.

On November 23, 2009, this Court denied Siemens' motion for summary judgment, permitting Plaintiff to proceed with this case to a jury on the following two issues: (1) whether Siemens is vicariously liable for the deaths of Plaintiff's family members because "Siemens required Mr. Wellinger as a condition of his employment to attend his doctor's appointment on the day of the accident, and [] Siemens stood to derive a specific benefit from Mr. Wellinger's attendance at the

2

appointment that afternoon," and (2) whether Siemens is directly liable for the deaths of Plaintiff's family members because it "knew or should have known, before it mandated, as a condition of his further employment in his position, that Mr. Wellinger meet with his doctor that day, that Mr. Wellinger was intoxicated and 'could not be entrusted with the responsibility' it imposed upon him to go to that appointment and to report back to Mr. Arlin what the doctor recommended." (*Weinstein,* 673 F. Supp. 2d at 545, 553.)

## II.   LEGAL STANDARD

"The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures-including motions in limine-in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir.1999). District courts have broad discretion over matters involving the admissibility of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir.1991).

## III.   ANALYSIS

Siemens argues that evidence relating to Mr. Wellinger's drinking history should be excluded under Fed. R. Evid. 404(a), which prohibits admission of evidence of a person's character to prove that he acted in conformity therewith on a particular occasion. Plaintiff responds that this rule does not apply where the person's character trait is an operative fact in determining a party's liability. Plaintiff argues that Wellinger's drinking history is not being offered to prove that he acted in conformity therewith (i.e. that he was intoxicated the day of the accident) but rather is being offered to prove: (1) that Siemens knew or should have known that the conduct Wellinger was exhibiting the day of the accident was consistent with conduct he had exhibited on prior occasions when he was

3

suspected of being intoxicated; (2) that Siemens knew or should have known about Wellinger's alcohol problem which created a "special circumstance" of which they were aware on the day of the accident; (3) that Siemens would receive a benefit from Wellinger's attending the doctor's appointment that day because getting treatment for his alcohol habit would improve his performance at work, which had declined due to his abuse of alcohol, and would inure to the benefit of his employer; (4) that Siemens had prior knowledge of bad acts that put it on notice that Wellinger had the propensity to drive while intoxicated. Finally, Plaintiff argues, the probative value of evidence of Wellinger's drinking history is not outweighed by its potential for unfair prejudice under Fed. R. Evid. 403.

The Court agrees that Plaintiff does not offer evidence of Wellinger's drinking history to prove that Wellinger acted in conformity with that behavior, i.e. was intoxicated, on the day of the accident. Evidence of Wellinger's history of alcohol abuse, and Siemens' knowledge of that history, is crucial to Plaintiff's claims of liability against Siemens for each of the reasons outlined above. As Plaintiff points out in its brief, a classic example of character as an operative fact in determining a party's liability is a negligent supervision claim, where an employer is alleged to have failed to adequately supervise an individual with a dangerous character trait. *See* McCormick on Evidence § 187 (6th ed.). For both its vicarious and direct liability claims, Plaintiff must establish knowledge on the part of Siemens of Wellinger's history of alcohol abuse. Thus, Plaintiff's proffered use of the evidence does not run afoul of the prohibitions of Rule 404(a). *Reyes v. Missouri Pac. R. Co.*, 589 F.2d 791, 793 n.4 (5th Cir. 1979) (noting that when a person's particular character trait is "an operative fact which under the substantive law determines the legal rights and liabilities of the parties," evidence of that trait "is not contemplated by the scope of Rule 404 because such evidence

4

is not offered for the purpose of showing that a person acted in conformity with his character.") (quoting McCormick on Evidence § 187 at 443 (2d ed. 1972)).

The Court further agrees that evidence of Wellinger's drinking history is relevant and highly probative of Siemens' knowledge of that history, a critical element of both Plaintiff's vicarious and direct liability claims. *See* Fed. R. Evid. 401. On the issue of vicarious liability, Wellinger's history of alcohol abuse is relevant to and highly probative of the claim that Siemens stood to benefit from Wellinger's attendance at his doctor's appointment the day of the accident. On the issue of direct liability, Wellinger's history of alcohol abuse is relevant to and highly probative of the claim that Siemens knew or should have known of Wellinger's intoxicated state on the day of the accident. The Court also concludes that the probative value of this evidence is not outweighed by its potential prejudicial effect. *See* Fed. R. Evid. 403; *United States v. Lloyd*, 462 F.3d 510, 516 (6th Cir. 2006) (district court has broad discretion in balancing probative value and prejudicial effect).

Accordingly, the Court DENIES Siemens' Motion *in Limine* No. 1 to Exclude Tom Wellinger's Drinking History (Dkt. No. 61) and will permit Plaintiff to introduce argument, testimony or other evidence regarding Tom Wellinger's drinking history and alleged alcohol abuse both on and before May 3, 2005.

IT IS SO ORDERED.

        S/Paul D. Borman  
        PAUL D. BORMAN  
        UNITED STATES DISTRICT JUDGE

Dated: November 17, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 17, 2010.

                                                S/Denise Goodine
                                                Case Manager