UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY WEINSTEIN, Individually and as Representative
of the Estate of JUDITH WEINSTEIN, as Representative
of the Estate of ALEXANDER WEINSTEIN, and as
Representative of the Estate of SAMUEL WEINSTEIN,

        Plaintiff,

vs.                                            Case No. 2:07-CV-15000
                                            Paul D. Borman
                                            United States District Judge

SIEMENS, fka UGS CORP.,
        Defendant.

_____/

OPINION AND ORDER DENYING SIEMENS' MOTION *IN LIMINE* NO. 23 TO EXCLUDE
EVIDENCE, ARGUMENT OR TESTIMONY REGARDING TOM WELLINGER'S
ADMISSION INTO HENRY FORD MAPLEGROVE CENTER (DKT. NO. 83)

      This matter is before the Court on Defendant Siemens, fka UGS Corp.'s ("Siemens") Motion *in Limine* No. 23 To Exclude Evidence, Argument or Testimony Regarding Tom Wellinger's Admission Into Henry Ford Maplegrove Center. (Dkt. No. 83.) Plaintiff has filed a response (Dkt. No. 116) and Siemens has filed a reply (Dkt. No. 131.) The Court held a hearing on November 18, 2010. For the reasons that follow, the Court DENIES Siemens' motion *in limine* No. 23.

I.      BACKGROUND

      The relevant facts underlying this case were set forth by this Court in its November 23, 2009 Opinion and Order Denying Defendant Siemens Corporation's Motion for Summary Judgment. *Weinstein v. Siemens*, 673 F. Supp. 2d 533 (E.D. Mich. 2009). This action arises from a tragic accident that occurred in the early afternoon of May 3, 2005. Thomas Wellinger, then an employee

1

of UGS, a subsidiary of Siemens, left Siemens' offices and was scheduled to attend a doctor's appointment to address his problems with alcohol abuse when he drove his Chevrolet Denali SUV at a high rate of speed and struck the vehicle driven by Plaintiff's wife, Judith Weinstein and occupied also by the Weinstein's two young sons, Alexander and Samuel. All three Weinstein family members were killed. Mr. Wellinger, who was at fault, was injured and survived. Mr. Wellinger was intoxicated at the time of the accident, with a blood alcohol level of nearly four times the legal limit. Subsequently, Mr. Wellinger pled no contest to second degree murder in Oakland County Circuit Court, and is currently incarcerated, serving a 19 to 30 year sentence.

Plaintiff's Complaint against Mr. Wellinger's employer, Siemens, was filed in the United States District Court, Eastern District of Texas, on May 1, 2007. On Siemens' motion for change of venue, the case was transferred to this District and assigned to United States District Judge Nancy G. Edmunds on November 26, 2007. On November 29, 2007, Siemens moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12. The motion was granted in part and denied in part by Judge Edmunds. (Dkt. No. 13.) *Weinstein v. UGS Corp.*, 2008 WL 1766657, No. 07-15000 (April 17, 2008) (dismissing Plaintiff's negligent retention and vice principal claims, but denying the motion to dismiss as to Plaintiff's vicarious liability and negligent supervision claims). Thereafter, due to a change in defense counsel, Judge Edmunds recused herself from the case, and the case was reassigned by the Court's blind draw system to the undersigned.

On November 23, 2009, this Court denied Siemens' motion for summary judgment, permitting Plaintiff to proceed with this case to a jury on the following two issues: (1) whether Siemens is vicariously liable for the deaths of Plaintiff's family members because "Siemens required Mr. Wellinger as a condition of his employment to attend his doctor's appointment on the day of the

accident, and [] Siemens stood to derive a specific benefit from Mr. Wellinger's attendance at the appointment that afternoon," and (2) whether Siemens is directly liable for the deaths of Plaintiff's family members because it "knew or should have known, before it mandated, as a condition of his further employment in his position, that Mr. Wellinger meet with his doctor that day, that Mr. Wellinger was intoxicated and 'could not be entrusted with the responsibility' it imposed upon him to go to that appointment and to report back to Mr. Arlin what the doctor recommended." (*Weinstein,* 673 F. Supp. 2d at 545, 553.)

## II. LEGAL STANDARD

"The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures-including motions in limine-in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir.1999). District courts have broad discretion over matters involving the admissibility of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir.1991).

## III. ANALYSIS

Plaintiff seeks to introduce evidence that Mr. Wellinger was admitted to the Henry Ford Maplegrove Center ("Maplegrove"), a substance abuse rehabilitation facility in West Bloomfield, Michigan, sometime in January, 2003, some three months before the fatal crash. Siemens argues that evidence of Mr. Wellinger's admission into Maplegrove is not relevant and, even if relevant, is more prejudicial than probative.

The Sixth Circuit has adopted a very liberal standard for the determination of relevancy. *Dortch, supra* 588 F.3d at 400 ("The standard for relevancy is 'extremely liberal' under the Federal

3

Rules of Evidence. Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' Fed.R.Evid. 401.") (citing *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006)). "[E]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." *Whittington*, 455 F.3d at 738-739 (internal quotation marks and citation omitted).

Evidence tending to establish Siemens' knowledge of Tom Wellinger's history of alcohol problems and the effect of those problems on Mr. Wellinger's job performance, and evidence tending to show that Siemens knew or should have known that Mr. Wellinger was intoxicated on the day of the accident and could not be entrusted with the responsibility it imposed on him that day to attend his doctor's appointment, is relevant to both Plaintiff's vicarious and direct theories of liability. In proving its vicarious liability claim, Plaintiff will be required to establish that Siemens stood to benefit from Mr. Wellinger's attendance at his doctor's appointment the day of the accident. In order to establish that his attendance would result in a benefit to Siemens, Plaintiff must be able to establish that Mr. Wellinger's drinking previously had an adverse affect on his job performance. Proof of this fact is absolutely crucial to Plaintiff's vicarious liability claim and evidence tending to establish that Mr. Wellinger's job performance suffered as a result of his drinking is highly relevant to establishing this fact. The fact that Mr. Wellinger's drinking had escalated to the point that he decided to check himself in for treatment tends to make the fact that his job performance had suffered as a result of his drinking problems more probable than it would be without this evidence. There is no question that this evidence is relevant to Plaintiff's vicarious liability claim.

As to Plaintiff's direct liability claim, a critical issue before the jury will be whether Siemens

4

knew or should have known that Wellinger could not be entrusted with the responsibility Siemens imposed on him that day to attend his doctor's appointment. Although the evidence does not indicate that Mr. Wellinger was ordered by his employer to enter treatment at Maplegrove, the evidence does indicate the Siemens encouraged his attendance and facilitated arrangements for his insurance which enabled Mr. Wellinger to check himself in for rehabilitation and that Siemens supported Mr. Wellinger's admission to Henry Ford Maplegrove Center. The extent of Mr. Wellinger's problems with alcohol abuse, and the fact that Siemens encouraged and helped arrange for him to obtain treatment to address those problems, is relevant to whether Siemens negligently supervised Mr. Wellinger the day of the accident. Plaintiff argues that the evidence will establish that Ed Arlin, the day of accident, still suspected that Mr. Wellinger was drinking. Despite its awareness of Mr. Wellinger's history of drinking, which included in-patient treatment at Henry Ford Maplegrove Center, Siemens decided nonetheless to entrust Mr. Wellinger with the responsibility of attending his doctor's appointment that day. The jury should be permitted to consider Siemens' potential liability on this issue based on a full and complete understanding of the scope of Siemens' awareness of Mr. Wellinger's problems. Siemens' awareness of Mr. Wellinger's treatment at Maplegrove certainly bears on this issue.

Nor does the Court believe that this evidence constitutes improper character evidence under Fed. R. Evid. 404(a). As the Court has explained in several previous rulings on Siemens' motions *in limine*, Plaintiff does not offer evidence of Wellinger's history of alcohol abuse, including his admission to Maplegrove, to prove that Wellinger acted in conformity with that behavior, i.e. was intoxicated, on the day of the accident. Evidence of the full extent of Wellinger's history of alcohol abuse, and Siemens' knowledge of that history, is crucial to both Plaintiff's vicarious and direct

5

claims of liability against Siemens. Thus, Plaintiff's proffered use of the evidence does not run afoul of the prohibitions of Rule 404(a). *Reyes v. Missouri Pac. R. Co.*, 589 F.2d 791, 793 n.4 (5th Cir. 1979) (noting that when a person's particular character trait is "an operative fact which under the substantive law determines the legal rights and liabilities of the parties," evidence of that trait "is not contemplated by the scope of Rule 404 because such evidence is not offered for the purpose of showing that a person acted in conformity with his character.") (quoting McCormick on Evidence § 187 at 443 (2d ed. 1972)).

Finally, Siemens argues that evidence of Wellinger's enrollment at Maplegrove will "open the door for several prejudicial and unfair inferences." (Def.'s Reply on MIL No. 23, Dkt. No. 131, 5.) Siemens states that the jury might develop prejudice against Siemens if it assumes that Siemens knew the treatment had failed and did not fire Wellinger or investigate whether the treatment was successful. *Id.* The Court finds this inference to be unlikely but more importantly, concludes that the potential for such an inference does not outweigh the significant probative value of the evidence to Plaintiff's claim that Siemens knew the full extent of Plaintiff's problems with alcohol abuse, and fully appreciated the adverse effect of those problems on Tom Wellinger's ability to adequately perform his job.

## IV.    CONCLUSION

Accordingly, the Court DENIES Siemens' Motion *in Limine* No. 23 To Exclude Evidence, Argument or Testimony Regarding Tom Wellinger's Admission Into Maplegrove (Dkt. No. 83.)

IT IS SO ORDERED.

                                              S/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: November 22, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 22, 2010.

                                              S/Denise Goodine
                                              Case Manager