UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY WEINSTEIN, Individually and as Representative
of the Estate of JUDITH WEINSTEIN, as Representative
of the Estate of ALEXANDER WEINSTEIN, and as
Representative of the Estate of SAMUEL WEINSTEIN,

        Plaintiff,

vs.                                                    Case No. 2:07-CV-15000
                                                    Paul D. Borman
                                                      United States District Judge

SIEMENS, fka UGS CORP.,
        Defendant.

_____/

OPINION AND ORDER (1) GRANTING SIEMENS' MOTION *IN LIMINE* NO. 24 TO
EXCLUDE TOM WELLINGER'S STATEMENT UNDER OATH (DKT. NO. 84) AND
(2) STRIKING SIEMENS' PROPOSED TRIAL EXHIBIT 625, THOMAS WELLINGER'S
DEPOSITION GIVEN IN *HOME OWNERS INSURANCE v. WELLINGER,* JUNE 15, 2006

      This matter is before the Court on Defendant Siemens, fka UGS Corp.'s ("Siemens") Motion *in Limine* No. 24 To Exclude Tom Wellinger's Statement Under Oath. (Dkt. No. 84.) Plaintiff has filed a response (Dkt. No. 121) and Siemens has filed a reply (Dkt. No. 132.) The Court held a hearing on November 18, 2010. For the reasons that follow, the Court GRANTS Siemens' motion *in limine* No. 24 and STRIKES Siemens' Proposed Trial Exhibit 625, Thomas Wellinger's Deposition given in *Home Owners Insurance v. Wellinger,* June 15, 2006.

**I.    BACKGROUND**

      The relevant facts underlying this case were set forth by this Court in its November 23, 2009 Opinion and Order Denying Defendant Siemens Corporation's Motion for Summary Judgment. *Weinstein v. Siemens*, 673 F. Supp. 2d 533 (E.D. Mich. 2009). This action arises from a tragic

1

accident that occurred in the early afternoon of May 3, 2005. Thomas Wellinger, then an employee of UGS, a subsidiary of Siemens, left Siemens' offices and was scheduled to attend a doctor's appointment to address his problems with alcohol abuse when he drove his Chevrolet Denali SUV at a high rate of speed and struck the vehicle driven by Plaintiff's wife, Judith Weinstein and occupied also by the Weinstein's two young sons, Alexander and Samuel. All three Weinstein family members were killed. Mr. Wellinger, who was at fault, was injured and survived. Mr. Wellinger was intoxicated at the time of the accident, with a blood alcohol level of nearly four times the legal limit. Subsequently, Mr. Wellinger pled no contest to second degree murder in Oakland County Circuit Court, and is currently incarcerated, serving a 19 to 30 year sentence.

Plaintiff's Complaint against Mr. Wellinger's employer, Siemens, was filed in the United States District Court, Eastern District of Texas, on May 1, 2007. On Siemens' motion for change of venue, the case was transferred to this District and assigned to United States District Judge Nancy G. Edmunds on November 26, 2007. On November 29, 2007, Siemens moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12. The motion was granted in part and denied in part by Judge Edmunds. (Dkt. No. 13.) *Weinstein v. UGS Corp.*, 2008 WL 1766657, No. 07-15000 (April 17, 2008) (dismissing Plaintiff's negligent retention and vice principal claims, but denying the motion to dismiss as to Plaintiff's vicarious liability and negligent supervision claims). Thereafter, due to a change in defense counsel, Judge Edmunds recused herself from the case, and the case was reassigned by the Court's blind draw system to the undersigned.

On November 23, 2009, this Court denied Siemens' motion for summary judgment, permitting Plaintiff to proceed with this case to a jury on the following two issues: (1) whether Siemens is vicariously liable for the deaths of Plaintiff's family members because "Siemens required

Mr. Wellinger as a condition of his employment to attend his doctor's appointment on the day of the accident, and [] Siemens stood to derive a specific benefit from Mr. Wellinger's attendance at the appointment that afternoon," and (2) whether Siemens is directly liable for the deaths of Plaintiff's family members because it "knew or should have known, before it mandated, as a condition of his further employment in his position, that Mr. Wellinger meet with his doctor that day, that Mr. Wellinger was intoxicated and 'could not be entrusted with the responsibility' it imposed upon him to go to that appointment and to report back to Mr. Arlin what the doctor recommended." (*Weinstein,* 673 F. Supp. 2d at 545, 553.)

## II. LEGAL STANDARD

"The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures-including motions in limine-in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir.1999). District courts have broad discretion over matters involving the admissibility of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir.1991).

## III. ANALYSIS

On April 27, 2006, Thomas Wellinger gave a statement under oath in which he was questioned by Mr. LaKritz, counsel for Plaintiff in this matter, and represented by his own criminal counsel, Steven Z. Cohen. (Def.'s MIL No. 24, Ex. A, Statement of Thomas Wellinger Given Under Oath, April 27, 2006.) This Examination Under Oath ("EUO") was not given in connection with any then pending legal proceeding.

Plaintiff seeks to introduce five excerpts from this statement in which Mr. Wellinger stated

3

the following: (1) that the meeting the day of the accident with Mr. Wellinger's boss, Mr. Arlin, "was all about" Mr. Wellinger's drinking problem; (2) that between January and May 2005, Mr. Wellinger came to work intoxicated and interacted with many of his fellow employees, including Mr. Arlin; (3) that during this period of time, Mr. Wellinger drank between 8-16 ounces of alcohol per day; (4) that Mr. Wellinger drank before going to work if he felt "shaky;" and (5) that Mr. Wellinger came to work under the influence of alcohol and librium. Plaintiff argues that these statements are admissible because Mr. Wellinger is unavailable under Fed. R. Evid. 804 and therefore the testimony is admissible under either Fed. R. Evid. 804(b)(3) because the EUO excerpts constitute statements against interest or under Fed. R. Evid. 804(b)(1) because the entire EUO is former testimony. Plaintiff also argues that even if the statements do not fit a specific hearsay exception, they are admissible under Fed. R. Evid. 807 because the statement possesses circumstantial guarantees of trustworthiness. Siemens argues that these excerpts from the statement under oath are hearsay to which no exception applies because (1) Wellinger no longer faced criminal liability at the time the statements were made and (2) Siemens had no opportunity to develop Wellinger's testimony as it was not present or given notice that the statement was being taken and Wellinger had no motive to represent the interests of Siemens, which has always maintained that Wellinger was the sole cause of the accident.

At the hearing on this matter, counsel for Siemens stated that in fact Mr. Wellinger is available, thereby implying that Fed. R. Evid. 804 does not apply to his former statements. This statement of counsel directly contradicted the express statement in Siemens' brief in support of its motion to exclude the EUO excerpts that Mr. Wellinger is unavailable under 804(d)(5) because he is incarcerated. According to statements made at the hearing by Plaintiff's counsel, the parties had

4

agreed to Mr. Wellinger's unavailability and Siemens was offering the prior deposition of Mr. Wellinger in an insurance matter (Def.'s Trial Exhibit 625, Thomas Wellinger's deposition given in *Home Owners Insurance v. Wellinger*, June 15, 2006) based upon this unavailability.

Siemens decision at the hearing to back away from any agreement with Plaintiff as to unavailability due to Mr. Wellinger's incarceration prompted Plaintiff's counsel to request the Court at the hearing to then also exclude Mr. Wellinger's former deposition in the insurance matter, which Plaintiff had apparently agreed not to challenge based upon the parties' agreement as to unavailability.

The Court concludes that Mr. Wellinger is available and subject to subpoena and therefore holds that neither the former deposition of Mr. Wellinger in the insurance matter nor the proposed excerpts from the EUO will be admitted into evidence. The parties are free to discuss a stipulation as to those items and present it to the Court for consideration.

## IV. CONCLUSION

Accordingly, the Court GRANTS Siemens' Motion *in Limine* No. 24 To Exclude the Statement Under Oath of Thomas Wellinger (Dkt. No. 84) and further strikes Siemens' proposed trial exhibit 625, Thomas Wellinger's deposition given in *Home Owners Insurance v. Wellinger*, June 15, 2006, and further excludes any reference to Mr. Wellinger's former testimony by either party.

IT IS SO ORDERED.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 22, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 22, 2010.

                                              S/Denise Goodine
                                              Case Manager