UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY WEINSTEIN, Individually and as Representative
of the Estate of JUDITH WEINSTEIN, as Representative
of the Estate of ALEXANDER WEINSTEIN, and as
Representative of the Estate of SAMUEL WEINSTEIN,

        Plaintiff,

vs.        Case No. 2:07-CV-15000
        Paul D. Borman
        United States District Judge

SIEMENS, fka UGS CORP.,
        Defendant.

_____/

OPINION AND ORDER DENYING DEFENDANT SIEMENS' MOTION FOR
RECONSIDERATION ON MOTIONS *IN LIMINE* NOS. 1 AND 2
TO EXCLUDE TOM WELLINGER'S DRINKING HISTORY
AND CONDUCT AT UGS PRIOR TO MAY 3, 2005 (DKT. NO. 176)

This matter is before the Court on Defendant Siemens, fka UGS Corp.'s ("Siemens") motion for reconsideration of this Court's November 17, 2010 Orders denying Siemens' motions *in limine* Nos. 1 and 2 (Dkt. Nos. 153, 154). (Dkt. No. 176.) For the reasons that follow, the Court DENIES Siemens' motion for reconsideration.

I.    **BACKGROUND**

On November 17, 2010, this Court issued an Opinion and Order Denying UGS Corporation's Motion *In Limine* No. 1 To Exclude Tom Wellinger's Drinking History (Dkt. No. 154). On that same date, this Court issued an Opinion and Order Denying UGS Corporation's Motion *In Limine* No. 2 To Exclude Testimony Concerning Tom Wellinger's Behavior at UGS Prior to May 3, 2005 (Dkt. No. 153). Siemens moves the Court to reconsider these two rulings, asserting that the Court's decision is based on a palpable defect for failure to consider the decision of the Michigan Supreme

Court in *Brown v. Brown*, 478 Mich. 545 (2007).

## II.  STANDARD OF REVIEW

Motions for reconsideration are governed by E.D. Mich. LR 7.1(h)(3), which states in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp.2d 714, 718 (E.D. Mich.2001).

## III.  ANALYSIS

This Court carefully considered the opinion of the Michigan Supreme Court in *Brown*, both in its recent November 17, 2010 rulings on Siemens' motions *in limine* and in its earlier ruling on Siemens' motion for summary judgment, and has also considered the Michigan Supreme Court's opinion in *Hersh v. Kentfield Builders, Inc*., 385 Mich. 410 (1971).[1]  Siemens' motion for reconsideration "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication," in its rulings on Siemens motions *in limine* Nos. 1 and 2.  Siemens has failed to demonstrate a palpable defect by which the Court and the parties have been misled.

---

[1]  In its brief, Siemens cites to the Michigan Court of Appeals decision in *Hersh v. Kentfield Builders, Inc.*, 19 Mich. App. 43 (1969), which was reversed by the Michigan Supreme Court as cited above.

## IV. CONCLUSION

Accordingly, the Court DENIES Siemens' Motion for Reconsideration on Its Motions *In Limine* Nos. 1 and 2 To Exclude Tom Wellinger's Drinking History and Conduct at UGS Prior to May 3, 2005 (Dkt. No. 176.)

IT IS SO ORDERED.

                S/Paul D. Borman
                PAUL D. BORMAN
                UNITED STATES DISTRICT JUDGE

Dated: December 6, 2010

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 6, 2010.

                S/Denise Goodine
                Case Manager